Dear Ms. Trosclair:
You requested the opinion of this office as to whether ArticleVII, § 14 of the Louisiana Constitution prohibits the Louisiana Housing Finance Agency (the "Agency") in the course of a sale of mortgage loans from transferring a portion of the value of such mortgage loans to the mortgagors by a reduction in both the interest rate on such mortgage loans and the price that the Agency may otherwise receive prior to the interest rate reduction.
Your letter stated that the Agency proposes to sell mortgage loans which were funded at 10.65% and were acquired by the Agency in connection with a mortgage revenue bond program to finance mortgage loans to low and moderate income first-time home buyers throughout the state. The sale of the mortgage loans will produce sufficient funds to retire the mortgage revenue bonds and generate additional value which the Agency may receive in cash and/or donate to the mortgagors by reducing the interest rate on their mortgage loans from 10.65% to some lower rate of interest simultaneously with the sale of the mortgage loans.
Generally, the funds of the state or of any political subdivision may not be loaned or donated to or for any private individual. La. Const. Art. VII, § 14; Op. Atty. Gen. 76-57.
Article VII, § 14(A) of the Louisiana Constitution of 1974 provides:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
By accepting less than full market value in the sale of the mortgage loans owned by the Agency, the Agency is making a donation of property or of something of value for the benefit of the mortgagors under Article VII, § 14(A). Article VII, § 14(B) of the Louisiana Constitution of 1974 provides certain exceptions to the above stated rule as follows:
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; (2) contributions of public funds to pension and insurance programs for the benefit of public employees; (3) the pledge of public funds, credit, property, or things of value for public purposes with respect to the issuance of bonds or other evidences of indebtedness to meet public obligations as provided by law; (4) the return of property, including mineral rights, to a former owner from whom the property had previously been expropriated, or purchased under threat of expropriation, when the legislature by law declares that the public and necessary purpose which originally supported the expropriation has ceased to exist and orders the return of the property to the former owner under such terms and conditions as specified by the legislature; or (5) acquisition of stock by any institution of higher education in exchange for any intellectual property.
The Agency's opinion request evidences no program for the benefit of public employees or of any public obligation as provided by law in connection with the proposed value transfer to the mortgagors. Neither does the request address the return of property previously expropriated or purchased under threat of expropriation nor does it propose acquisition of stock by any institution of higher education in exchange for any intellectual property. This office must, therefore, determine whether accepting less than market price in the Agency's sale of certain single family mortgage loans would be a "use of public funds for programs of social welfare for the aid and support of the needy".
In earlier interpretations of this Article, this office found that a political subdivision may loan or grant public funds to or for needy persons where such loan or grant was pursuant to a systematic program of financial aid to the needy with objective eligibility requirements so that the plan truly serves only the needy. See Op. Atty. Gen. 76-57; Op. Atty. Gen. 81-60. Under the proposed donation of Agency assets for the benefit of the mortgagors, no program exists which outlines objective criteria to identify and serve "only the needy".
Under the facts presented, it is the opinion of this office that the Agency's proposed acceptance of less than full market value in the sale of the mortgage loans constituting Agency assets does not satisfy the requirements under Article VII, §14(B)(1) of the Louisiana Constitution and would, therefore, be a prohibited donation of public funds under Louisiana Constitution of 1974 Article VII, § 14(A).
Trusting that this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ELIZABETH K. HARRIS Assistant Attorney General
RPI:EKH:jv